**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                         :
THOMAS SIMMS,                            :   CIVIL ACTION NO. 10-6084 (MLC)
                                         :
       Petitioner,                       :        O P I N I O N
                                         :
       v.                                :
                                         :
GREG BARTKOWSKI, et al.,                 :
                                         :
       Respondents.                      :
                                         :
```

**THE COURT** having issued an Opinion and Order on March 16, 2012 ("Opinion and Order") denying the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (dkt. entry nos. 22-23); and petitioner moving for reconsideration of the Opinion and Order pursuant to Local Civil Rule 7.1(i) (dkt. entry no. 24, Mot. for Recons.); and respondents opposing the motion (dkt. entry no. 28, Resp'ts' Opp'n Br.); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000), that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly-discovered evidence, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if

the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) that it is necessary to correct a clear error of law or fact or to prevent manifest injustice, see id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, see Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, see Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, see Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**THE COURT** having carefully reviewed the arguments of the parties; and petitioner now arguing that the Court did not give sufficient weight to his arguments regarding the verdict "pattern" contained within the verdict sheet; and petitioner also arguing that the Court failed to specifically discuss the

arguments raised in his reply brief regarding the "pattern," which he included in its entirety in his reconsideration brief; and the Court noting that petitioner included arguments in his reconsideration brief that were not included in his initial reply brief, as the reply brief contained only two pages plus exhibits; but the additional arguments contained in the reconsideration brief, which were not in the original reply brief, not affecting the Court's analysis or determinations leading to the Opinion and Order; and petitioner merely restating arguments previously made to, and considered by, this Court; and petitioner merely asserting his disagreement with the Opinion and Order; and

**THE COURT** finding that petitioner (1) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and (2) is merely recapitulating the arguments previously raised and asserting his disagreement with the Court's decision, see Arista Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549; and the Court finding that petitioner has not shown a clear error of law or fact, see Max's Seafood Cafe, 176 F.3d at 677; and the Court concluding that reconsideration of the Opinion and Order is therefore inappropriate; and the Court thus intending to deny the motion for reconsideration; and the Court having considered the matter without oral argument pursuant to Local Civil Rules 7.1(i)

and 78.1(b); and for good cause appearing, the Court will issue an appropriate order.

                                                  s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:    November 13, 2012